UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ZIMMER, INC. and<br>ZIMMER DENTAL, INC.,<br><br>       Plaintiffs<br>  v.<br><br>SCOTT SHARPE and<br>SCOTT BEAUDEAN,<br><br>       Defendants | )<br>)<br>)<br>)<br>)   Cause No. 3:09-CV-117 RM<br>)<br>)<br>)<br>)<br>) |

OPINION AND ORDER

This case is before the court on Scott Sharpe and Scott Beaudean's motion to transfer venue to a more convenient forum pursuant to 28 U.S.C. § 1404(a). For the following reasons, the court DENIES the defendants' motion to transfer venue.

BACKGROUND

Mr. Sharpe and Mr. Beaudean are former Zimmer employees; Mr. Sharpe worked at Zimmer from 1998 until he resigned in December 2008 and Mr. Beaudean worked at Zimmer from 2005 until his resignation in January 2009. At the time of their resignations, Mr. Sharpe was a sales manager and Mr. Beaudean was account executive for Zimmer. In 2005, both defendants executed a non-disclosure, non-competition and non-solicitation employment agreement with Zimmer, and each year after that, to maintain eligibility for Zimmer's stock option plan, executed acknowledgments of the terms of the agreement. After Mr. Sharpe and Mr. Beaudean resigned from Zimmer, they went to work for Simpact

LLC, whom Zimmer contends is one of its direct competitors. Zimmer alleges that the defendants' actions violated the terms of the parties' non-disclosure, non-competition and non-solicitation agreements.

The agreements contain restrictive covenants that prohibit the employee from disclosing confidential information, obtaining employment with Zimmer's competitors for a period of eighteen months after leaving Zimmer, and soliciting other Zimmer employees to obtain employment with Zimmer's competitors for a period of eighteen months after leaving Zimmer. Paragraph 14 of the agreements also contain a "Governing Law and Choice of Forum" provision that provides:

> This Agreement shall be construed and enforced in accordance with the laws of the State of Indiana, notwithstanding any state's choice-of-law rules to the contrary. The parties agree that any legal action relating to this Agreement shall be commenced and maintained exclusively before any appropriate state court located in Kosciusko County[, Indiana,] or the United States District Court for the Northern District of Indiana, the South Bend Division. The parties hereby submit to the jurisdiction of such courts and waive any right to challenge or otherwise object to personal jurisdiction or venue, in any action commenced or maintained in such courts.

Pursuant to this clause and based on diversity of citizenship, Zimmer filed suit in this court to enforce the defendants' non-disclosure, non-competition and non-solicitation employment agreements.

Zimmer, Inc. is a Delaware corporation with its principal place of business in Warsaw, Indiana and Zimmer Dental Inc. is a Delaware corporation with its principal place of business in California. Mr. Sharpe and Mr. Beaudean are citizens of Louisiana. The agreements were executed in Louisiana and most services and work contemplated by the agreements were performed in Louisiana.

Neither defendant has performed worked for Zimmer in Indiana or traveled to Indiana during their employment with Zimmer.

Although this case is at its early stages of litigation, its procedural posture is quite convoluted. On February 16, 2009, the defendants filed a state court action against Zimmer, Inc. and Zimmer Dental Inc. for declaratory relief in New Orleans, Louisiana. The defendants requested a judgment declaring that 1) Louisiana courts have jurisdiction over the controversy, 2) Louisiana law applies; and 3) certain provisions of the defendants' non-competition and non-solicitation agreements are unenforceable. On March 6, Zimmer removed the defendants' action to the United States District Court for the Eastern District of Louisiana based on diversity of citizenship. Zimmer then filed a separate action in Kosciusko Circuit Court, Indiana, but voluntarily dismissed that action and initiated the present action on March 20. On March 29, Mr. Sharpe and Mr. Beaudean filed a motion to dismiss, or in the alternative, to transfer venue to the Eastern District of Louisiana. The motion to dismiss was denied on March 30, when this court granted Zimmer's motion for temporary restraining order. For the purpose of ruling on the temporary restraining order in an expedited manner, the court made preliminary findings that it has personal jurisdiction over this matter and venue pursuant to the forum selection clause.[1] The court found that "[t]he forum selection clauses in the Sharpe and Beaudean agreements appear to be

---

[1] The defendants are correct in their understanding that the court's findings in the temporary restraining order weren't final.

reasonable and just under the circumstances and enforceable." The court stated that it would "await completion of briefing before finally deciding whether to transfer this matter to the United States District Court for the Eastern District of Louisiana; it is enough for today's purposes that the court has power to act."

On March 24, the defendants also filed a motion to transfer venue in the Eastern District of Louisiana, which that court denied on May 4. After considering the relevant factors, including the forum selection clause, that court concluded that Zimmer met its burden in showing that the Northern District of Indiana is "clearly a more convenient venue than the Eastern District of Louisiana." Sharpe v. Zimmer, Inc., *et al.,* Cause No. 2:09-CV-3018, Order and Reasons dated May 4, 2009 (E.D. La.).

## Discussion

Although the motion before the court is to transfer venue pursuant to 28 U.S.C. § 1404(a) — the federal *forum non conveniens* statute — it is first necessary to address the validity of the forum selection clause. As the Eastern District of Louisiana noted, the court needn't necessarily address the validity of the forum selection clause when determining whether to transfer venue pursuant to § 1404(a) based on the Supreme Court's holding in Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 108 S. Ct. 2239 (1988). This court, however, found personal

4

jurisdiction based on the forum selection clause,[2] and while the court preliminarily addressed this clause's validity when ruling on Zimmer's motion for a temporary restraining order, a more in-depth discussion is appropriate in light of the defendants' briefing on this matter. As previously noted in the temporary restraining order, if the forum selection clause is valid and enforceable, challenges to personal jurisdiction and improper venue are waived.[3] *See* <u>Pollas v. Hardware Wholesalers, Inc.</u>, 663 N.E.2d 1188, 1191 (Ind. Ct. App. 1996); *see also* <u>TruServ Corp. v. Flegles, Inc.</u>, 419 F.3d 584, 589 (7th Cir. 2005) (*citing* <u>Heller Fin., Inc. v. Midwhey Powder Co.</u>, 883 F.2d 1286, 1292 n. 4 (7th Cir. 1989)).

*Forum Selection Clause and Personal Jurisdiction*

Before deciding if the forum selection clause is valid, the court must determine what law governs enforceability. Zimmer contends that Indiana law should apply, while the defendants argue that Louisiana should apply. In Indiana, forum selection clauses are generally enforceable. *See* <u>Adsit Co., Inc. v. Gustin</u>, 874 N.E.2d 1018, 1022 (Ind. Ct. App. 2007) (finding that forum selection provisions are enforceable if they are reasonable and just under the circumstances and if there is no evidence of fraud or overreaching such that the agreeing party,

---

[2] Zimmer doesn't contend that personal jurisdiction would exist without the forum selection clause.

[3] As discussed below though, the forum selection clause is only a factor in this court's analysis when determining whether the action should be transferred to another venue pursuant to 28 U.S.C. § 1404.

5

for all practical purposes, would be deprived of his day in court). In Louisiana, though, forum selection clauses in employment contracts generally are unenforceable. Under Louisiana law:

> The provisions of every employment contract . . . by which any foreign or domestic employer . . . includes a choice of forum clause or choice of law clause in an employee's contract of employment . . . shall be null and void except where the choice of forum clause or choice of law clause is expressly, knowingly, and voluntarily agreed to and ratified by the employee after the occurrence of the incident which is the subject of the civil or administrative action.

La. R.S. 23:921(A)(2). The forum selection and choice of law clause in the defendants' agreements weren't ratified after the incident subject to this suit and so are likely invalid under Louisiana law. *See e.g.*, Bell v. Rimkus Consulting Group, Inc. of Louisiana, 983 So.2d 927, 933 (5th Cir. 2008) (finding that forum selection clause and choice of law provision in employment were null and void). A conflict exists between Indiana and Louisiana law.

The court of appeals has noted that when determining whether to transfer venue based on a forum selection clause, federal law applies. IFC Credit Corp. v. Aliano Brothers Gen. Contractors, Inc., 437 F.3d 606, 608 (7th Cir. 2006) (*citing* Stewart v. Ricoh., 487 U.S. 22, 108 S. Ct. 2239). The court in IFC Credit v. Aliano Bros., however, found it unclear whether this "conclusion should hold when the clause is invoked . . . in an attempt to obtain personal jurisdiction that would otherwise be unobtainable." Id. at 609. The court explained:

> Other courts, including our own, have reserved the question whether federal law governs other than in the specific context exemplified by the Stewart case, that is, other than in cases in which the

> determination of validity is incidental to the application of the *forum non conveniens* statute.

Id. (internal quotations and citations omitted). The court declined to address the issue, finding that under either state or federal law, the forum selection clause was valid. Id. at 609-610.

Almost a year later, the court of appeals again addressed this issue in Abbott Lab. v. Takeda Pharm. Co. Ltd., 476 F.3d 421 (7th Cir. 2007). In that case, the agreement provided Japan as the chosen forum, but stated Illinois law should apply. Id. at 422-423. The court noted that it "left open the question whether federal or state law governs the validity and interpretation of such clauses in diversity suits in [IFC Credit v. Aliano Bros.]. . . ." Id. at 423. The court concluded:

> Simplicity argues for determining the validity and meaning of a forum selection clause, in a case in which interests other than those of the parties will not be significantly affected by the choice of which law is to control, by reference to the law of the jurisdiction whose law governs the rest of the contract in which the clause appears, rather than making the court apply two different bodies of law in the same case. This implies that Illinois law governs the validity of the forum selection clause in this case.

Id. at 423 (internal citations omitted). In IFC Credit Corp. v. United Bus. & Indust., Federal Credit Union, 512 F.3d 989, 981 (7th Cir. 2008), the court confirmed Abbott Lab. v. Takeda Pharm's holding that the validity of a forum selection clause depends on the law of the jurisdiction whose rules will govern the rest of the dispute and stated that "[t]aking the same approach here means that Illinois law determines the validity of the waiver in the contract, for the pact selects Illinois substantive law as well as an Illinois judicial forum." Id. at 991.

Although the employment agreements provide that Indiana law applies to the contract and this court applied Indiana law when ruling on Zimmer's request for temporary restraining order, those were only preliminary findings and this court hasn't yet made a final decision as to which state law applies to the enforceability of the agreements. As defendants point out, while Indiana generally enforces contractual stipulations as to choice of law, there is a public policy exception to this general rule. As the court in <u>Dearborn v. Everett J. Prescott, Inc.</u>, 486 F. Supp. 2d 802, 812 (S.D. Ind. 2007) stated, "Indiana law on the public policy exception to choice of law provisions in contracts appears to be consistent with the more detailed guidance available from Section 187 of the Restatement (Second) of Conflicts of Law." Section 187 of the Restatement states in relevant part:

> (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied . . . unless . . . b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

*See* <u>Dearborn v. Everett J. Prescott,</u>, 486 F. Supp. 2d at 812-813. The court in <u>Dearborn v. Everett</u> found that Indiana law would apply to noncompete and nonsolicitation agreements on public policy grounds as opposed to Maine law as specified in the contracts. <u>Id.</u> at 819-820; *but see* <u>Vencor, Inc. v. Webb</u>, 33 F.3d 840, 844-845 (7th Cir. 1993) (finding that the choice of law stipulated in the noncompete agreement and not Illinois law applied, discerning "no reason why an

8

Illinois court would find the agreement to be contrary to Illinois public policy."). This court needn't decide at this time whether Indiana or Louisiana law applies to the enforcement of the restrictive covenants because regardless, Indiana law applies to determine the enforceability of the forum selection clause.[4]

Although the court of appeals found in Abbott v. Takeda that a forum selection clause's validity depends on the law of the jurisdiction whose rules will govern the rest of the dispute, the issue in that case was whether federal or state law should apply. The court didn't have occasion to decide the precise issue presented in this case — whether the forum state or another state's law should apply to enforceability of the forum selection clause. Under the circumstances in this case, Indiana law should apply, consistent with the rule that in a diversity action, personal jurisdiction is resolved under the laws of the state where the forum is located. IFC Credit v. Aliano Bros., 437 F.3d at 608 (*citing* Purdue

---

[4]This court acknowledges that dépeçage is not part of Indiana's lexicon. *See* Simon v. United States, 805 N.E.2d 798, 801-802 (Ind. 2004). "Dépeçage is the process of analyzing different issues within the same case separately under the laws of different states." Id. at 801. The court in Simon explained:
> Although Indiana allows different claims to be analyzed separately, it does not allow issues within those counts to be analyzed separately. For example, an Indiana court might analyze a contract claim and a tort claim independently but would not separately analyze and apply the law of different jurisdictions to issues within each claim.

Id. This court doesn't interpret Simon v. United States to suggest that this court is prohibited from finding that Indiana law applies to the enforceability of the forum selection clause, but Louisiana law applies to the substantive counts in this action. The matter of personal jurisdiction is separate and distinct from the underlying claims in this action. *See generally* State Farm Mut. Auto. v. McNealy, 491 F. Supp. 2d 814, 830-831 (S.D. Ind. 2007) (finding no violation of Indiana choice-of-law rules prohibiting "depecage" when application of Indiana interpretation rules led to use of Missouri law with respect to liability coverage and Indiana law with respect to uninsured motorist coverage; these issues didn't involve the same claim).

9

Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 779 (7th Cir. 2003)). It is also consistent with the principle that in a diversity action, the forum state's choice of law rules applies. *See* Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *see also* S.A. Healy Co. v. Milwaukee Metro. Sewerage District, 50 F.3d 476, 478 (7th Cir.1995) ("[A] federal court sitting in diversity must first apply the forum state's choice of law rules, which may or may not select the forum state's substantive law to govern the dispute." (internal citations omitted)).

The defendants' employment agreements state that they shall be construed in accordance with the law of Indiana, "notwithstanding any state's choice-of-law rules to the contrary." Indiana choice of law doctrine favors contractual stipulations as to governing law. Allen v. Great Am. Reserve Ins. Co., 766 N.E.2d 1157, 1162 (Ind. 2002). There is no reason to disregard that presumption as to the enforceability of this forum-selection clause. The public policy exception doesn't apply because while Louisiana may have a strong public policy interest in determining the validity of forum selection clauses in employment agreements, *see* Bell v. Rimkus Consult. Group, 983 So.2d at 932, Louisiana's interest doesn't outweigh Indiana's interest in this respect. *See e.g.*, Grott v. Jim Barna Log Systems-Midwest, Inc., 794 N.E.2d 1098, 1103 (Ind. Ct. App. 2003) (discussing public policy interest in freedom of contract with respect to forum selection clauses). As discussed below, this court agrees with the Eastern District of Louisiana that venue is more convenient in Indiana, despite the interests that

10

Louisiana may have in this litigation. Further, the defendants' arguments as to Louisiana's public policy relate to the enforceability of the restrictive covenants, not specifically to choice of forum. The court will address such public policy concerns when deciding the applicable choice of law for the underlying claims in Zimmer's complaint. As noted in the temporary restraining order, "when [the defendants] entered the agreements, [they] were aware, or should have been aware, that they could be haled into a court in Indiana to defend a breach of contract action."

The court therefore finds that even if Louisiana law applies to the enforceability of the restrictive covenants — an issue the court declines to decide at this time[5] — Indiana law governs the enforceability of the forum selection clause. Under Indiana law, forum selection clauses generally are enforceable "if they are reasonable and just under the circumstances and there is no evidence of fraud or overreaching such that the agreeing party would be deprived of a day in court." Adsit Co. v. Gustin, 874 N.E.2d at 1022. The provision must also "have been freely negotiated." *See* Dexter Axle Co. v. Baan USA, Inc., 833 N.E.2d 43, 48 (Ind. Ct. App. 2005). *See also* M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972) ("[S]uch clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."). Because there is nothing to establish that the forum selection

---

[5]Although defendants addressed this argument briefly in their response brief, the court requests that the parties submit briefs on this issue within ten days of the date of this order.

11

clause was procured by fraud or overreaching, that it is unreasonable or unjust under the circumstances, or that it wasn't freely negotiated, it is enforceable and the defendants have waived their right to argue that this court lacks venue or personal jurisdiction.

*Request to Transfer Venue*

The court turns to the defendants' motion to transfer venue to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404(a). As noted, the Eastern District of Louisiana already has transferred venue to this court, finding that Zimmer met its burden of showing that the Northern District of Indiana is clearly a more convenient venue than the Eastern District of Louisiana. This court agrees with the Eastern District of Louisiana's findings.

For the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district where the plaintiff had a right to bring the case. 28 U.S.C. § 1404(a). District courts exercising discretion to transfer employ a "flexible and individualized analysis," focusing on: (1) whether venue is proper in both the transferor and transferee courts; (2) whether transfer is for the convenience of the parties and witnesses; and (3) whether the transfer will serve the convenience of the parties and witnesses as well as the interests of justice. *See* Stewart Org. v. Ricoh, 487 U.S. at 29-31; *see also* Heller Fin. v. Midwhey Powder, 883 F.2d at 1293. The parties

don't dispute that venue would be proper in the Eastern District of Louisiana. *See* 28 U.S.C. § 1391.

Federal law governs the validity of a forum-selection clause for purposes of § 1404(a). *See* Stewart Org. v. Ricoh, 487 U.S. at 29-31. "Federal courts are friendly to the use of forum selection clauses to determine which federal district shall host a case." IFC Credit v. Aliano Bros., 437 F.3d at 608. A forum-selection clause should receive "neither dispositive consideration . . . nor no consideration . . . , but rather the consideration for which Congress provided in § 1404(a)." Stewart Org. v. Ricoh, 487 U.S. at 31. "Despite the existence of a valid forum-selection clause, courts may still transfer a case under § 1404(a)." Heller Fin. v. Midwhey Powder, 883 F.2d at 1293 (*citing* Stewart Org. v. Ricoh Corp., 108 S.Ct. at 2245) (forum-selection clause is not dispositive under § 1404(a)). "This is because only one of § 1404(a)'s factors — convenience of the parties — is within the parties' power to waive." Id. (*citing* Plum Tree, Inc. v. Stockment, 488 F.2d 754, 757-758 (3rd Cir. 1973)). The court in Heller Fin. v. Midwhey explained: "[A] valid forum-selection clause may waive a party's right to assert his own inconvenience as a reason to transfer a case, but district courts still must consider whether the 'interest[s] of justice' or the 'convenience of . . . witnesses' require transferring a case." Id. This court finds the Eastern District of Louisiana's analysis of Stewart instructive and agrees that the forum selection clause, while not dispositive, counsels strongly in favor of venue in this court.

13

In light of the forum selection clause, this court need only consider the interests of justice and the convenience of witnesses. Courts often look to public and private factors when engaging in this analysis. *See e.g.,* American Commercial Lines, LLC v. Northeast Maritime Inst., Inc., 588 F. Supp. 2d 935, 945 (S.D. Ind. 2008). In considering private interests, courts generally look to "(1) plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease and access to sources of proof, (4) the convenience of the parties and (5) the convenience of the witnesses." First Nat'l Bank v. El Camino Res., Ltd., 447 F. Supp. 2d 902, 912 (N.D. Ill. 2006); *see also* DePuy Orthopaedics, Inc. v. Gault South Bay, Inc., No. 3:07-CV-425, 2007 WL 3407662, at *8 (N.D. Ind. Nov. 13, 2007). Public interest factors include (1) the court's familiarity with the applicable law, (2) the efficiency with which the court may resolve the matter, and (3) the desirability of resolving disputes in the region in which they arose. First Nat'l Bank v. El Camino Res., 447 F. Supp. 2d at 912; *see also* Travel Supreme, Inc. v. Nver Enter., Inc., 3:07-CV-194, 2007 WL 2962641, at *10 (N.D. Ind. Oct. 5, 2007). "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." In re Nat'l Presto Indust., 347 F.3d 662, 664 (7th Cir. 2003). The defendants have the burden of establishing that the Eastern District of Louisiana is clearly more convenient. *See* Coffey v. Van Dorn Iron Works, 796 F.2d 217, 220 (7th Cir. 1986).

As to the private factors, the defendants contend that most witness are in Louisiana; both defendants reside in Louisiana, as does their previous superior,

Bruce Nuss. The defendants also note that the material events giving rise to the lawsuit took place in Louisiana. The defendants further contend that the Zimmer customers who the defendants allegedly solicited are also in Louisiana. Zimmer responds that significant sources of documentary proof are located in Indiana, the defendants' compensation is processed out of Indiana, and all witnesses related to their compensation, employment agreements, stock options and the administration of those documents are located in Indiana.

While Zimmer has witnesses and documents located in Indiana relevant to this lawsuit, its isn't clear what the witnesses' testimony will involve, especially because the defendants haven't alleged that the employment agreements are invalid for lack of consideration. On the other hand, the Louisiana witnesses likely will have information about the defendants' past and current employment activities. Such testimony is pertinent in determining whether the defendants were acting in violation of any restrictive covenant — the material issue of this litigation. Zimmer offers no evidence that the individuals with knowledge of the defendants' alleged actions taken in contravention of the employment agreements will be subject to this court's subpoena power. *See* DePuy Orthopaedics v. Gault South Bay, 2007 WL 3407662, at *10. The court therefore finds, as did the Eastern District of Louisiana, that the totality of the private interest factors weighs in the defendants' favor.

The defendants contend that the public policy factors also weigh in their favor because Louisiana law will govern the agreements, the Eastern District of

Louisiana has a shorter median time from filing to trial in a civil case, and Louisiana has the greater interest in adjudicating this matter involving the employment of Louisiana citizens in Louisiana. Zimmer responds by noting that the Eastern District of Louisiana has a significantly higher case load, Indiana law applies, and Zimmer is the natural plaintiff.

Public policy strongly weighs in favor of maintaining venue in this district in light of the Eastern District of Louisiana's order transferring venue here. The Eastern District of Louisiana has a significantly higher case load than the Northern District of Indiana. Further, the action before this court is a substantive action rather than merely a declaratory judgment action and Zimmer is the "natural" plaintiff. *See generally,* Amco Ins. Co. v. Richardson, No. 1:05-CV-557, 2005 WL 4880627 (S.D. Ind. Sept. 1, 2005) (noting that courts should be wary of declaratory judgment actions filed as a "preemptive strike."). These facts weigh in Zimmer's favor.

On the other hand, Louisiana has a greater interest in the outcome of this litigation. *See e.g.,* DePuy Orthopaedics v. Gault South Bay, 2007 WL 3407662, at *11. As in DePuy v. Gault, Louisiana's "citizens are more closely related to and interested in the dispute as [Zimmer] seeks to restrict [Louisiana] resident[s] from pursuing [their] livelihood in the state of [Louisiana]. Most of the material events giving rise to [Zimmer] claims occurred in [Louisiana] and concern [Louisiana] residents." Id. Louisiana's interest in resolving this dispute outweighs Indiana's interest in enforcing an Indiana company's contractual obligations.

Whether Indiana or Louisiana law will govern the substantive issues in the case remains to be resolved, but even if Louisiana law applied, there is no indication that the court would face complex or unsettled areas of Louisiana contract law. *See* United Consumers Club, Inc. v. Prime Time Marketing Mgmt., No. 2:07-CV-358, 2008 WL 150623, at *5 (N.D. Ind. Jan. 11, 2008); *see also* First Nat'l Bank v. El Camino Res., 447 F. Supp. 2d at 914 ("[W]here the law in question is neither complex nor unsettled, the interest of justice remain neutral between competing courts."). In fact, the defendants imply that under Louisiana law the issue of enforceability of the restrictive covenants is relatively clear. This factor doesn't weigh in favor of either party.

Taking all the factors into consideration, including the forum selection clause, the court finds that the defendants haven't met their burden to show that the Eastern District of Louisiana is clearly a more convenient forum.

CONCLUSION

For the reasons stated above, the court DENIES Scott Sharpe and Scott Beaudean's request to transfer venue to the Eastern District of Louisiana. Because the issue of choice of law as to Zimmer's claims is still unresolved, the court directs the parties to brief that issue within ten days of the date of this order.

ENTERED:    May 15, 2009

/s/ Robert L. Miller, Jr.
Chief Judge

United States District Court